UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAGIN LEONORA H.S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:22-cv-01822-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts.11–17.

Plaintiff is a 58-year-old woman who alleges she is unable to work because of back pain and balance issues. The Administrative Law Judge ("ALJ") found that Plaintiff is not disabled because she has the residual functional capacity ("RFC") to perform light work. In doing so, the ALJ discounted Plaintiff's symptom testimony. The ALJ's finding is supported by substantial

ORDER ON PLAINTIFF'S COMPLAINT - 1

evidence. For the reasons discussed below, the Court **AFFIRMS** the ALJ's decision in finding Plaintiff not disabled and dismisses the case with prejudice.

## I.  PROCEDURAL HISTORY

Plaintiff filed for Disability Insurance Benefits ("DIB") benefits pursuant to 42 U.S.C. § § 423 (Title II) of the Social Security Act ("the Act") on May 5, 2020, alleging in her application a disability onset date of May 8, 2009. Administrative Record ("AR") 79, 86. Plaintiff's application was denied initially and following reconsideration. *See* AR 83, 90. Plaintiff's requested hearing was held before Administrative Law Judge Virginia Herring ("the ALJ") on October 15, 2021. *See* AR 36–78. On January 27, 2022, the ALJ issued a written decision in which the ALJ concluded Plaintiff was not disabled pursuant to the Act from her alleged onset date of May 8, 2009, through her date last insured of December 31, 2014. *See* AR 13–35.

On November 23, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1–7; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in December 2022. *See* Dkt. 5. Defendant filed the AR regarding this matter in February 2023. *See* Dkt. 9.

## II.  BACKGROUND

Plaintiff was born in 1964 and was 44 years old on the alleged date of disability onset of May 8, 2009. *See* AR 28. Plaintiff has at least a high school education and previously worked as a nurse. AR 27–28. According to the ALJ, Plaintiff has the severe impairments of lumbar degenerative disc disease, status post L4-L5 laminectomy and fusion; left leg degenerative joint disease; subarachnoid hemorrhage; and arteriovenous malformation, status post corrective surgery. AR 19.

|||
|---:|---|
| 1 | **III.     STANDARD OF REVIEW** |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | **IV.     DISCUSSION** |
| 7 | In Plaintiff's Opening Brief, Plaintiff agues the ALJ erred in the evaluation of her |
| 8 | subjective symptom testimony and thus erred in assessing her RFC. *See* Dkt. 11, at 4–9. |
| 9 | When a claimant has medically documented impairments that could reasonably be |
| 10 | expected to produce some degree of the symptoms she alleges, and the record contains no |
| 11 | affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the |
| 12 | severity of her symptoms only by offering specific, clear and convincing reasons for doing so." |
| 13 | *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d |
| 14 | 1273, 1281 (9th Cir. 1995)). "The standard isn't whether [the Court] is convinced, but instead |
| 15 | whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v.* |
| 16 | *Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). |
| 17 | Plaintiff testified she is unable to work due to balance issues and back pain. AR 51–52. |
| 18 | She explained she falls two to three times a week, she cannot sit for too long or else her back |
| 19 | hurts, and she cannot walk for very long because she gets fatigued and her balance worsens. AR |
| 20 | 55–56, 61. Plaintiff also testified to having other symptoms, but because Plaintiff challenged |
| 21 | only the ALJ's evaluation of the stated symptoms in her Opening Brief, the Court does not |
| 22 | address the ALJ's evaluation of these other symptoms to which Plaintiff testified. *Carmickle v.* |
| 23 | |
| 24 | |

*Comm'r SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

The ALJ first discounted Plaintiff's testimony based on her treatment history. Evidence that treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 (2014)). Here, the ALJ properly noted that both objective medical evidence and Plaintiff's own reports demonstrated improvement in her symptoms.

The evidence cited by the ALJ shows Plaintiff sustained an injury after falling on her knee in May 2009, and she stopped working because of back and leg pain. AR 212, 216, 396. The record shows Plaintiff reported improvement with her knee after undergoing injections. AR 396, 398–99. By December 2009, Plaintiff's left knee was observed as appearing normal, with full flexion and extension, and she had no leg symptoms or findings. AR 216. Plaintiff's gait was normal, she had full strength and normal leg raise, and there was "no obvious abnormality of her lower extremities." AR 218, 501.

The evidence cited by the ALJ also shows Plaintiff continued to report lower back pain even after her knee and leg improved, prompting her to undergo spinal injections. AR 216, 218. Plaintiff reported improvement immediately after her procedures, but later treatment notes show her back pain remained as "continuous, moderate pain." AR 204, 435–37, 501. Plaintiff was found to have "mildly decreased range of motion" in her back, though her examiner believed she would be able to handle it with a "self-directed program of partial sit-up and knee-chest exercises." AR 218, 501.

By early 2010, Plaintiff's knee condition was found "resolved" and "fixed and stable." AR 204, 206, 223. She again continued reporting lower back pain and lower extremity weakness, though no further treatment was recommended. AR 206, 385, 389, 391–92, 518. Her physical exams showed her gait and balance were mostly intact. AR 385, 389, 391. In an orthopedic evaluation, Plaintiff was able to walk well with an unremarkable tandem gait, with full strength in her thighs. AR 517. The evaluating orthopedist noted Plaintiff's pre-existing arthritis in her spine had been exacerbated, but on a temporary level, and she had reached "pre-injury status." AR 518.

Plaintiff expressed wanting to undergo lumbar spine surgery in late 2011. AR 339. After Plaintiff went through with the operation later that year, she reported "doing much better" with her radiating lower extremity symptoms and back pain gone, though she also reported prolonged walking was difficult for her lower back. AR 348–49, 433–34, 579–82. Plaintiff participated in physical therapy after her operation. AR 316–34. Her treatment notes showed a pain score of 7.8 out of 10 at her first session, but subsequent notes showed she was "progressing as expected." AR 333. Other treatment notes indicate her ability to perform work related tasks also improved with therapy. For example, in her first sessions, Plaintiff was not able to successfully complete four of six tasks, but prior to discharge, she was able to complete all but two. AR 318, 332.

In addition to reports of improvement, the ALJ also noted several physical evaluations showing Plaintiff is not as physically limited as she alleged during the hearing. AR 24–25. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Here, the ALJ relied on a physical evaluation from March 2012 showing Plaintiff's range of motion in her lumbar spine was "moderately

diminished." AR 589. The evaluation also stated Plaintiff was able to demonstrate normal strength in the major muscle groups of both her upper and lower extremities, and that she could walk for 30 minutes. AR 594. The ALJ also cited to a physical evaluation in July 2012, which stated Plaintiff is able to sit/stand/walk for eight hours at time, in an eight-hour day. AR 623. The evaluation further stated Plaintiff is able to stand/walk for six to eight hours in an eight-hour workday. *Id*. Plaintiff's evaluating therapist noted Plaintiff is not able to lift more than 20 pounds, but the evaluator explained this was a limitation imposed by Plaintiff herself and was "without objective indicators." AR 624. Later treatment notes show Plaintiff was "[o]verall doing well," her gait appeared normal, and she rated her pain on average "3/10." AR 335. Plaintiff's knee also continued to have a full range of motion with no instability. AR 337. Finally, in a functional evaluation, Plaintiff was found to be able to perform light work on a full-time basis, and no further therapy was recommended. AR 697–98.

Overall, the treatment notes chronicling Plaintiff's improvement from her various treatment regimen and evaluations showing normal findings with regards to her mobility supports the ALJ's finding that Plaintiff's symptoms are not as severe as she alleged.

The ALJ also discounted Plaintiff's testimony based on her activities. AR 25. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ highlighted Plaintiff's ability to walk around the family farm, feed animals for an hour, and push a wheelbarrow around the yard. AR 378–79, 595. The ALJ also pointed to Plaintiff's ability to perform household chores, drive, and manage self-scare. AR 25, 275–78. Though Plaintiff reported having some difficulties with these activities, that she was able to perform nonetheless undermines her statements regarding the

severity of her symptoms. *See Smartt*, 53 F.4th at 499 ("Even if the claimant experiences some difficulty or pain, [his] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'"). Thus, in discounting Plaintiff's testimony for this reason, the ALJ did not err.

In sum, because the ALJ provided at least one valid reason, supported by substantial evidence, to discount Plaintiff's statements about the severity of her symptoms, the Court finds no error with the ALJ's treatment of her testimony. The Court also need not assess the other reasons proffered by the ALJ. Even if those reasons were insufficient, they would nonetheless be rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). Finally, because the Court has affirmed the ALJ's evaluation of Plaintiff's testimony, the Court accordingly rejects Plaintiff's argument that the ALJ improperly assessed her RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record).

///

///

///

## V.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** to pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 22nd day of August, 2023.

Grady J. Leupold
United States Magistrate Judge